In The



Court of Appeals



Ninth District of Texas at Beaumont



 ______________________ 


 

NO. 09-08-075 CV


 ______________________


 

IN RE MICHAEL A. KAPLAN, M.D., P.A., 


D/B/A LAKE AREA URGENT CARE






Original Proceeding






MEMORANDUM OPINION


 Relator Michael A. Kaplan, M.D., P.A. (1) petitions for a writ of mandamus. Kaplan
filed suit against Lake Conroe Medical Center, Ltd., d/b/a Lake Area Medical Center, L.P.;
Lake Conroe Medical Center Management, Inc.; and Dimitrious Mantzoros for breach of a
lease contract and other related claims. Kaplan sought discovery from a non-party, Stephen
Robinson, M.D., who filed objections and a motion for protection; the discovery requests
included possible confidential patient information, among other matters. Kaplan filed a
motion to compel discovery, which the trial court denied. In this mandamus, Kaplan argues
the trial court abused its discretion in refusing to compel discovery responses.

 Mandamus relief is appropriate when a trial court abuses its discretion and there is no
adequate remedy by appeal. See Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). 
"An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed
by the detriments. When the benefits outweigh the detriments, appellate courts must consider
whether the appellate remedy is adequate." In re Prudential Ins. Co. of Am., 148 S.W.3d
124, 136 (Tex. 2004). 

 Kaplan argues he has no adequate remedy by appeal because the denied discovery
goes to the heart of his claim. He does not argue, however, that sufficient discovery is
unavailable through other means, for example, deposition testimony. See Walker, 827
S.W.2d at 844. Generally, a trial court should limit discovery methods to those which are
more convenient, less burdensome, and less expensive, or when the burden or expense of the
proposed discovery outweighs its likely benefit. See Tex. R. Civ. P. 192.4. Conducting
mandamus review of all limitations placed on discovery would risk unduly burdening the
courts and result in delay in resolution of the dispute. A remedy by ordinary appeal is
available for trial court errors precluding adequate discovery. See, for example, Allen v.
United of Omaha Life Ins. Co., 236 S.W.3d 315, 325 (Tex. App.--Fort Worth 2007, pet.
denied). We conclude under the circumstances the detriments to mandamus review outweigh
any benefits. See Tex. R. Civ. P. 192.4. On this record, relator has not shown an abuse of
discretion for which an appeal would be an inadequate remedy. 

 The request for emergency stay and the petition for writ of mandamus are denied. 
 EMERGENCY STAY DENIED; PETITION FOR WRIT OF MANDAMUS
DENIED.

 PER CURIAM

Opinion Delivered February 25, 2008

Before Gaultney, Kreger, and Horton, JJ. 


 

1. Relator pled that he is doing business as Lake Area Urgent Care.